**EXHIBIT A**

Scott Thomas Green, SBN 82220
Daniel J. Spurgeon, SBN 265915
Jamie N. Stein, SBN 219761
THE GREEN LAW GROUP, LLP
1777 E. Los Angeles Avenue
Simi Valley, California 93065
Tel: (805) 306-1100; Fax: (805) 306-1300
DANIEL@THEGREENLAWGROUP.COM
JAMIE@THEGREENLAWGROUP.COM

Attorneys for Plaintiff, Lucia Cortez

**FILED**
Superior Court of California
County of Los Angeles

MAY 19 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Jayshree J. Khatri

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

LUCIA CORTEZ, an individual,

　　　　Plaintiff,

vs.

CHIPOTLE MEXICAN GRILL, INC., a Denver corporation; CHIPOTLE SERVICES, LLC, a Colorado limited liability company; and DOES 1 through 50, inclusive,

　　　　Defendants.

CASE NO: PC057763

(Amount demanded exceeds $25,000.00; injunctive relief requested)

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

1. Pregnancy Discrimination / Wrongful Termination (FEHA);
2. Wrongful Termination in Violation of Public Policy;
3. Failure to Accommodate (Disability Discrimination);
4. Failure to Prevent Disability Discrimination;
5. Failure to Engage in Interactive Process;
6. Failure to Provide Personnel and Payroll Files

**REQUEST FOR JURY TRIAL**

Plaintiff alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Lucia Cortez (hereinafter referred to as "Plaintiff") is, and at all times herein mentioned was, an adult residing in the County of Los Angeles, State of

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

California. Plaintiff worked for Defendants at the Chipotle restaurant in Granada Hills, California.

2. The true names and capacities, whether individual, or otherwise, of Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and Plaintiff will seek to amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as Doe is legally responsible in some manner for the events and occurrences referred to herein and caused injury and damage proximately thereby to Plaintiff as alleged herein. Each reference in this Complaint to "defendant," "Defendants" or a specifically named defendant refers also to all Defendants sued under fictitious names.

3. Plaintiff is informed and believes and thereupon alleges that Defendant Chipotle Mexican Grill, Inc., is a Delaware corporation which conducts business in various locations in California and has its principal offices and headquarters in Denver, Colorado. Chipotle Mexican Grill, Inc. operates a chain of fast-food Mexican-style restaurants, including in the County of Los Angeles, State of California. Plaintiff is informed and believes and thereupon alleges that Chipotle Services, LLC is Colorado limited liability company that conducts business in the County of Los Angeles, State of California. Defendants Chipotle Mexican Grill, Inc., and Chipotle Services, LLC are sometimes collectively referred to herein as "Chipotle" and are joint employers of Plaintiff by reason of California common law, as both possessed the right to control Plaintiff's workplace tasks. Although the violations sued upon within this complaint are not based on California Labor Code 2810.3, upon information and belief, under Labor Code 2810.3 Chipotle Mexican Grill, Inc. is a client employer and Chipotle Services, LLC is a labor contractor. Both Chipotle Mexican Grill, Inc. and Chipotle Services, LLC were Plaintiff's employers by reason of California Labor Code section 558.1, including for purposes of Defendants' violation of California Labor Code 226.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4.      Defendant Does 1 through 50 at all relevant times exercised a high degree of discretion in making decisions that ultimately determined corporate policy, with authority to hire and fire employees, to dictate work schedules, to determine each employee's pay, including that of the Plaintiff, and to control workplace conditions through discretionary decisions. Defendant Does 1 through 50 were at all relevant times Plaintiff's co-employer under Labor Code section 558.1.

5.      All of the events alleged herein occurred in Chipotle's workplace in Granada Hills, California. Additional factual events not pleaded in this complaint occurred at additional locations. Defendants' employment of Plaintiff was governed by, inter alia, California Wage Order Five, 8 Cal. Code Reg. 11070.

6.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned each of the Defendants were the agents, employees and servants of each of the remaining Defendants, and in doing the things hereinafter alleged were acting within the scope of such agency, employment, and servitude, with the knowledge and consent of each of the Defendants. Whenever this complaint makes reference to "Defendant," "Defendants," or "Defendants, and each of them," such allegations shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

7.      Plaintiff is informed and believes and based thereon alleges that, if Chipotle is in fact a corporation, such corporation is in mere form only and has no existence separate and apart from Does 1 through 50, inclusive, and that there exists, and at all times mentioned herein has existed, a unity of interest and ownership between Does 1 through 50 and Chipotle such that any individuality and separateness between Does 1 through 50 and Chipotle has ceased, and Does 1 through 50 are the alter egos of Chipotle.

8.      Plaintiff is informed and believes and based thereon alleges that the assets and property of Does 1 through 50 are commingled with the assets of Chipotle such that there is no distinction between individual and corporate assets.

///

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

9. Plaintiff is informed and believes and based thereon alleges that adherence to the fiction of the separate existence of Chipotle and Does 1-50 would permit an abuse of the corporate privilege and would permit injustice in that they would succeed in avoiding legally incurred liabilities while maintaining the benefits of the corporation.

10. This action concerns unfair business practices, discrimination on the basis of disability, wrongful termination, and additional statutory violations.

11. Plaintiff was employed at the business operated by Defendants in the County of Los Angeles, State of California. All of Defendants' wrongful acts, unless otherwise specified below, upon information and belief, occurred in the County of Los Angeles, State of California.

## ADMINISTRATIVE PREREQUISITES

12. At all times relevant, each Defendant regularly employed 1000 or more persons within California, and at least 100 within 5 miles of Plaintiff's place of employment for Defendants, bringing Defendants within the provisions of California Government Code section 12900, *et seq.*, prohibiting employers or their agents from discriminating against employees on the basis of disability, and which mandates that employers engage in an interactive process to determine which reasonable accommodations are available and appropriate, and to implement the appropriate reasonable accommodations.

13. Plaintiff filed charges of discrimination, harassment, and retaliation in employment with the California Department of Fair Employment and Housing ("DFEH") on April 21, 2017, including descriptions of the nature of Defendants' wrongdoing described in this complaint. The DFEH issued its Right-To-Sue notice authorizing this lawsuit and Plaintiff timely filed this action within the prescribed period subsequent to issuance of the Right-To-Sue notice. Plaintiff has, therefore, exhausted her administrative remedies and timely filed this action within the prescribed period subject to issuance of the Right-To-Sue notice.

///
///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

14. Defendants hired Plaintiff in January 2009. Plaintiff worked for Chipotle for eight years and was at all times non-exempt from wage and hour laws. Most recently, Plaintiff was a full-time assistant manager at store number 1681 in Granada Hills, California, and paid $15.47 per hour as her base hourly rate for straight time pay. At all relevant times specified below, Plaintiff was capable of performing the essential functions of her job with reasonable accommodations. Plaintiff had no disciplinary history and was always reliable and efficient.

15. On September 17, 2016, Plaintiff requested pregnancy disability leave, which Chipotle allowed Plaintiff to initiate, but not to finish. California Government Code section 12945(a) entitled Plaintiff to 17 1/3 weeks of pregnancy disability leave. This statutory leave, by itself, entitled Plaintiff to return to her job on or before January 14, 2017. Defendants' own calculation shows Plaintiff's return date as January 23, 2017, which was based not only on the mandatory pregnancy disability leave laws, but on Defendants' agreement with Plaintiff, which the law requires Chipotle to honor.

16. During Plaintiff's medically difficult pregnancy, Plaintiff suffered a miscarriage, and subsequent medically-diagnosed depression related thereto. Plaintiff informed Defendants of her pregnancy-related medical condition at the time of the events. During the fall of 2016, Plaintiff's pregnancy-related medical condition affected the Plaintiff's ability to perform daily life activities such as concentrating and focusing on work-like tasks for sustained periods of time. Even if Plaintiff's pregnancy-related medical condition had not been caused by Plaintiff's pregnancy, for purposes of 2 Cal. Code Reg. 11035(u), it would have triggered a protected leave under the California Family Rights Act. Plaintiff was entitled to additional disability-related accommodation leave under the Fair Employment and Housing Act, Americans with Disabilities Act, and Americans with Disabilities Act Amendments Act, not only during the fall 2016 time frame, but also when Plaintiff's 17 1/3 weeks of pregnancy disability leave expired.

///

17. Plaintiff communicated with Defendants' management during her pregnancy disability leave to keep them informed of her situation and her continuing intention to return to work. Separately from the four months of mandatory pregnancy disability leave, Government Code section 12945(a)(3) created a requirement for Chipotle to accommodate Plaintiff's pregnancy and related medical condition. However, Defendants failed to accommodate Plaintiff under any of its requirements.

18. Despite Plaintiff notifying Defendants of the nature of her medical conditions for which she was receiving treatment, Defendants took no steps to engage in an interactive process with her.

19. Prior to the expiration of Plaintiff's pregnancy disability leave, Defendants' area manager told Plaintiff, in writing, that if Plaintiff did not return to work by December 16, 2016, her employment would be terminated. Plaintiff responded that, rather than risk her job, she would return to work, as demanded, before December 16, 2016. Because Defendants did not comply with 2 Cal. Code Reg. 11049 and 11051's notice requirements, Plaintiff did not know that the area manager could not use duress to force her to return to work during her pregnancy disability leave.

20. When Plaintiff followed up with this area manager via text, to coordinate her return and work schedule, Defendants then told her they had terminated her employment prior to the agreed-upon return date. Defendants therefore violated the two(2) day deadline to return Plaintiff to work under 2 Cal. Code Reg. 11043(b)(2), and all associated statutes and regulations imposing liability on Defendants, including without limitation, attorney's fees, punitive damages, costs, and interest.

21. Not only did Defendants terminate Plaintiff's employment when she tried to return from pregnancy disability leave, the Chipotle manager who fired Plaintiff attempted to defraud her out of her unemployment benefits by perjuring himself, in writing, to the California Employment Development Department when he claimed that Plaintiff had voluntarily resigned. The fraudulent statement made by Defendant was recorded by the California Employment Development Department as follows:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

> "specifically the claimant was on a leave of absence leave of absence [sic] and was scheduled to return on 12/10/16. The claimant requested an extension but Chipotle was not able to extend her leave. As a result, the claimant informed David Shadix, General Manager by phone that she was resigning."

22. In truth, Plaintiff did not need an extension, as she was still within her 17 1/3 weeks of pregnancy disability leave, and due to Defendants' failure to give her the 2 Cal. Code Reg. 11051 explanation of her statutory rights, she was deceived by Defendants' misrepresentations. Additionally, Plaintiff's phone calls to Defendants' general manager Brian Palafox went unanswered. Furthermore, Plaintiff is informed and believes and based thereon alleges that Defendants' general manager Brian Palafox told his subordinate employees to instruct Plaintiff to discuss her leave and return to work with David Shadix.

23. Conversely to Defendants' fraudulent statement to the California Employment Development Department, what actually occurred is that, when Defendants told Plaintiff that Defendants would not allow her to "extend" her pregnancy disability leave, Plaintiff stated, in writing, that she would return to work. Defendants, who were apparently hoping that Plaintiff would quit once Defendants refused to extend her disability leave, then advised Plaintiff that her employment was terminated, citing an alleged "misunderstanding" by Defendants. Then, as if wrongfully terminating Plaintiff was not enough, Defendants attempted to defraud Plaintiff out of her rightful unemployment insurance benefits when Defendants falsely told the State of California that Plaintiff voluntarily quit. Indeed, Defendants' own payroll records reflect repeatedly that Defendants terminated Plaintiff, and that Defendants did so on December 10, 2016.

24. Defendants' actions herein violate, without limitation, the California Fair Employment and Housing Act, Title VII's Federal Pregnancy Discrimination Act of 1978, 42 USC 2000e(k), and the Family and Medical Leave Act, 29 USC 2601.

25. Defendants' decision to terminate Plaintiff's employment was directly caused by her act of taking pregnancy disability leave.

26. During Plaintiff's active employment for Defendants, she performed all workplace tasks fully satisfactorily, and had Defendants not terminated her employment upon her return, she would have resumed performing all essential functions of the job.

27. Plaintiff worked for Defendants in California for at least 90 days preceding her attempted sick leave. She was entitled under California Labor Code 246(b)(1) to one hour of paid sick leave, at her regular rate of pay, Labor Code § 246(k), for every thirty hours worked for the employer, which exceeds 24 hours as of September 17, 2016, when she needed to use sick time for pregnancy leave.

28. Plaintiff has not returned to work with Defendants and has taken all reasonable steps to mitigate the effects of Defendants' unlawful termination but nonetheless incurred lost wages, financial harm, and emotional distress as recognized by the Fair Employment and Housing Act, and other California law.

29. Defendants failed to pay Plaintiff all accrued wages earned within 24 hours of their termination of Plaintiff's employment.

## FIRST CAUSE OF ACTION

**Pregnancy Discrimination & Wrongful Termination (FEHA)**

**(Against All Defendants, Including Does 1-50)**

30. Plaintiff incorporates paragraphs 1-29 as though set forth fully herein. The California Fair Employment and Housing Act (FEHA) prohibits employers from taking adverse actions against, including terminating, employees due to pregnancy, pregnancy related medical conditions or disabilities.

31. Despite this statutory prohibition, Defendants imposed the adverse action of termination of employment upon Plaintiff due to her taking of pregnancy disability leave.

32. Plaintiff suffered damages legally caused by Defendants' unlawful practices, including but not limited to, back pay, front pay, lost benefits, and emotional distress in an amount to be determined at trial, plus punitive damages, resulting in an

amount not less than $250,000.00.

## THIRD CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants, Including Does 1-50)

33. Plaintiff incorporates paragraphs 1-32 as though set forth fully herein.

34. Jurisdiction is invoked in this Court pursuant to the public policy and common law of the State of California, pursuant to the cases of *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980), *Rojo v. Kliger,* 52 Cal. 3d 65 (1990), and Government Code section 12920 *et. seq.*

35. Under California law, there is a fundamental and well-established public policy against discrimination on the basis of pregnancy-related disability. There is also an express statutory prohibition against retaliation against an employee who attempts to use pregnancy-related disability leave. Said public policy is embodied in the statutory law of the State of California.

36. Plaintiff was terminated by Defendants based on her attempt to use disability leave. Defendants retaliated against Plaintiff for her absences from work while she was seeking treatment. Defendants were either aware of the discrimination described herein and took no action to prevent it and/or themselves actively participated in the discrimination. Defendants' wrongful termination forced Plaintiff to incur feelings of nervousness, anxiety, worry, indignity, embarrassment, and apprehension.

37. Plaintiff suffered damages legally caused by Defendants' unlawful practices, including but not limited to, back pay, front pay, lost benefits, and emotional distress in an amount to be determined at trial, plus punitive damages, resulting in an amount not less than $250,000.00.

## THIRD CAUSE OF ACTION

### Failure to Accommodate (Disability Discrimination)

### (Against All Defendants, Including Does 1-50)

38. Plaintiff incorporates paragraphs 1-37 as though set forth fully herein.

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

39. Despite the statutory requirement of California Government Code section 12940(m), Defendants did not accommodate Plaintiff's disability, which was known to Defendants at all relevant times. Instead of allowing Plaintiff a penalty-free leave of absence, Defendants terminated her for no stated reason, and then made fraudulent material misrepresentations to the State of California that Plaintiff voluntarily resigned, in an attempt to defraud her out of her unemployment insurance benefits. Plaintiff suffered damages legally caused by Defendants' unlawful practices, including but not limited to, back pay, front pay, lost benefits, and emotional distress in an amount to be determined at trial, plus punitive damages, resulting in an amount not less than $250,000.00.

## FOURTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Harassment

### (Against All Defendants, Including Does 1-50)

40. Plaintiff incorporates paragraphs 1-39 as though set forth fully herein.

41. Despite the statutory requirement expressed in the FEHA, Defendants took no steps to prevent employees such as Plaintiff from being punished for their disabled status or the assertion of their rights to disability leave. Defendants' failure to perform statutorily-required tasks to prevent such discrimination against disabled individuals resulted in the termination of Plaintiff's employment and subsequent emotional distress, embarrassment, and loss of wages.

42. Plaintiff is entitled to damages as allowed by law including lost wages, emotional distress, and reasonable attorney's fees.

## FIFTH CAUSE OF ACTION

### Failure to Engage in Interactive Process

### (Against All Defendants, Including Does 1-50)

43. Plaintiff incorporates paragraphs 1-42 as though set forth fully herein. Despite Defendants' actual knowledge of Plaintiff's disability, Defendants failed to ask Plaintiff how her disability affected her workplace tasks or whether any accommodations were necessary for Plaintiff to continue performing her normal job duties.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

44. No later than September 17, 2016, Plaintiff notified Defendants that she was not able to work due to a disability. At all times relevant to this Complaint, Plaintiff's pregnancy and subsequent mental distress, as diagnosed by a medical provider, met the definition of a disability, as her limitation on working impacted a major life activity under Cal. Gov't Code § 12926. Despite this explicit statutory requirement to engage in an interactive discussion to determine which, if any, accommodations the employee's medical situation may require, Defendants did not inquire into Plaintiff's medical condition and failed to engage in the mandatory interactive process or provide a reasonable accommodation, which in this case was a modified work schedule. Instead, Defendants fired her, resulting in a significant setback in her recovery, her loss of wages, and emotional distress. Had Defendants engaged in the interactive process in good faith, a reasonable accommodation would have been reached that allowed Plaintiff to continue her excellent work performance.

45. Plaintiff suffered damages legally caused by Defendants' unlawful practices, including but not limited to, back pay, front pay, lost benefits, and emotional distress in an amount to be determined at trial, plus punitive damages, resulting in an amount not less than $250,000.00.

## SIXTH CAUSE OF ACTION

### Failure to Deliver Personnel and Payroll Files

### (Against All Defendants, Including Does 1-50)

46. Plaintiff incorporates paragraphs 1-45 as though set forth fully herein.

47. Plaintiff is informed and believes and based thereon alleges that, during Plaintiff's employment at Defendants' workplace, Defendants' maintained personnel records and/or a personnel file on Plaintiff. Plaintiff submitted a written request to Defendants' human resources department on or about January 19, 2017 for her payroll and personnel file. Defendants utterly failed and apparently refused to turn over any part of Plaintiff's personnel file whatsoever -- which is required by statute to be retained for no less than three years. Upon information and belief, Defendants additionally omitted

documents from the produced payroll file. More than 35 days has elapsed after Plaintiff's submission of these requests, and therefore Plaintiff is entitled to $750.00 for each violation of the personnel file inspection right created by California Labor Code section 1198.5, and $750 for each violation of the payroll file inspection right created by Labor Code section 226, plus attorney's fees and costs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. The sum of at least $6,000.00 in past lost wages, plus $148,512.00 in five years of future lost wages;

**ON THE SECOND CAUSE OF ACTION:**

2. The sum of at least $250,000.00;

**ON THE THIRD CAUSE OF ACTION:**

3. The sum of at least $250,000.00;

**ON THE FOURTH CAUSE OF ACTION:**

4. The sum of at least $250,000.00;

**ON THE FIFTH CAUSE OF ACTION:**

5. The sum of at least $250,000.00;

**ON THE SIXTH CAUSE OF ACTION:**

6. The sum of at least $250,000.00;

**ON THE SEVENTH CAUSE OF ACTION:**

7. The sum of $1,500.00;

**ON ALL CAUSES OF ACTION:**

8. Pre and post judgment interest as allowed by law; and
9. For attorney's fees and costs;
10. Statutory penalties as allowed by law;
11. For an award of punitive or exemplary damages; and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

12. For any further relief that the Court deems just and proper.

DATED: May 19, 2017

THE GREEN LAW GROUP, LLP

By: *[signature]*
Scott Thomas Green
Daniel J. Spurgeon
Jamie N. Stein
Attorneys for Plaintiff, Lucia Cortez

## DEMAND FOR JURY TRIAL

Plaintiff Lucia Cortez hereby demands a trial by jury on all claims.

DATED: May 19, 2017

THE GREEN LAW GROUP, LLP

By: *[signature]*
Scott Thomas Green
Daniel J. Spurgeon
Jamie N. Stein
Attorneys for Plaintiff, Lucia Cortez

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF