MESSNER REEVES LLP
Charles C. Cavanagh (SBN 198468)
Kathleen J. Mowry (Admitted *Pro Hac Vice*)
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 623-1800
Facsimile: (303) 623-0552

E-mail:  ccavanagh@messner.com
kmowry@messner.com

Attorneys for Defendants
CHIPOTLE MEXICAN GRILL, INC.
and CHIPOTLE SERVICES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUCIA CORTEZ, | Case No.: 17-CV-04787-GW-JPR |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| v. | |
| CHIPOTLE MEXICAN GRILL, INC.; CHIPOTLE SERVICES, LLC; and DOES 1 to 50, inclusive | Hon. George H. Wu Courtroom 9D-9th Floor |
| Defendants | Removal Date: June 29, 2017 Pretrial Date:   January 31, 2019 Trial Date:      February 12, 2019 |

Pursuant to Local Rule 16-4, defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (together, "Defendants") hereby submit this Memorandum of Contentions of Fact and Law.

# I.  CLAIMS AND DEFENSES

A.     Plaintiff's Pleaded Claims

The claims for relief of Plaintiff Lucia Cortez ("Plaintiff") are set forth as follows:

---

Claim 1:  Plaintiff alleges that Defendants Discriminated against her based on her being Disabled by Pregnancy in Violation of the California Fair Employment and Housing Act ("FEHA").

Claim 2:  Plaintiff alleges that Defendants Wrongfully Terminated her in Violation of Public Policy.

Claim 3:  Plaintiff alleges that Defendants Failed to provide Plaintiff a Reasonable Accommodation.

Claim 4:  Plaintiff alleges that Defendants Failed to Prevent Discrimination.

Claim 5:  Plaintiff alleges that Defendants Failed to Engage in an Interactive Process.

B.      Elements Of Plaintiff's Pleaded Claims

Claim 1:  Elements Required to Establish Plaintiff's Claim for Discrimination based on Plaintiff being Disabled by Pregnancy in Violation of the FEHA:

1.      That Defendant Chipotle Services, LLC[1] was an employer covered by the FEHA;

2.      That Plaintiff was an employee of Defendant Chipotle Services, LLC;

3.      That Plaintiff was disabled by pregnancy; [2]

4.      That Plaintiff was able to perform the essential job duties with or without an accommodation;

5.      Defendant Chipotle Services, LLC discharged the Plaintiff;

6.      That Plaintiff was harmed; and

---

[1] Defendants contend that Plaintiff cannot state any claim against Defendant Chipotle Mexican Grill, Inc. because it never employed her.

[2] As Plaintiff has not pled that the Defendants perceived her as disabled and the evidence does not support this element, the same is not a proper element of Plaintiff's claim for discrimination based on Plaintiff being disabled by pregnancy.  Defendants have filed a motion *in limine* as to this issue. Furthermore, there is no wrongful termination claim set forth in the FEHA thus wrongful termination is not a proper element in Plaintiff's discrimination based on pregnancy claim.

- 1 -

7.    That the conduct of Chipotle Services, LLC was a substantial factor in causing Plaintiff's harm.

*See:* CACI 2540[3]

Claim 2:  Elements Required to Establish Plaintiff's Claim for Wrongful Termination her in Violation of Public Policy.

1.    That Plaintiff was an employee of Chipotle Services, LLC;

2.    That Plaintiff was disabled by pregnancy, or she exercised, or attempted exercise her rights under the PDL[4]

3.    That Defendant Chipotle Services, LLC discharged the Plaintiff;

4.    That Plaintiff's disability, or the exercising or attempting to exercise her rights under the PDL, was a substantial motivating reason for Plaintiff's discharge;[5]

5.    That the discharge caused Plaintiff's harm.

*See* CACI 2430.[6]

Claim 3:  Elements Required to Establish Plaintiff's Claim that Defendants Failed to provide Plaintiff a Reasonable Accommodation.

1.    That Defendant Chipotle Services, LLC was an employer;

2.    That Plaintiff was an employee of Chipotle Services, LLC;

3.    That Defendant Chipotle Services, LLC knew Plaintiff had a disability that limited a major life activity;[7]

---

[3] Defendants assert the phrase "perceived as disabled" must not be included as this element was not pled by Plaintiff nor it is supported by the evidence.

[4] Plaintiff has not pled that Defendants perceived her as disabled by pregnancy and the evidence does not support this element, thus Defendant asserts the same is not a proper element in Plaintiff's claim for wrongful termination.  Defendants have filed a motion *in limine* on this issue.

[5] See footnote 2 with regard to "perceived as disabled."

[6] Defendants again assert that "perceived as disabled" is not applicable to this case.

[7] Again, any reference to the Plaintiff being perceived as having a disability is not an element of this claim as the same has not been pled by Plaintiff and is not supported by the evidence.

- 2 -

4.      That Plaintiff was able to perform the essential job duties with or without a reasonable accommodation;

5.      That Defendant Chipotle Services, LLC's failed to provide a reasonable accommodation for Plaintiff's disability;

6.      Plaintiff was harmed;

7.      Defendant Chipotle Services, LLC's failure to provide a reasonable accommodation was a substantial factor in causing Plaintiff's harm.

*See* CACI 2541.

Claim 4:  Elements Required to Establish Plaintiff's Claim that Defendants Failed to Prevent Discrimination.

1.      That Plaintiff was an employee of Defendant Chipotle Services, LLC;

2.      That Plaintiff was discriminated against in the course of her employment;

3.      That Defendant Chipotle Services, LLC failed to take all reasonable steps to prevent the discrimination;

4.      That Plaintiff was harmed;

5.      That Defendant Chipotle Services, LLC's failure to take all reasonable steps to prevent the discrimination was a substantial factor in causing Plaintiff's harm.

*See:* CACI 2527.

Claim 5:  Elements Required to Establish Plaintiff's Claim that Defendants Failed to Engage in an Interactive Process.

1.      That Defendant Chipotle Services, LLC was an employer;

2.      That Plaintiff was employed by Defendant Chipotle Services, LLC;

3.      That Defendant Chipotle Services, LLC knew that Plaintiff was disabled by pregnancy;[8]

---

[8] Plaintiff has not pled that Defendants perceived her as disabled nor is the same supported by the evidence, thus the same is not a proper element in Plaintiff's Failure to Engage in the Interactive Process claim.  Defendants have filed a motion *in limine* as to this issue.

**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**
**OF DEFENDANTS CHIPOTLE MEXICAN GRILL, INC. & CHIPOTLE SERVICES, LLC**

4.     That Plaintiff requested that Defendant Chipotle Services, LLC make a reasonable accommodation for her disability so that she would be able to perform the essential job requirements;

5.     That Plaintiff was willing to participate in an interactive process to determine whether a reasonable accommodation could be make so that she would be able to perform the essential job requirements;

6.     That Defendant Chipotle Services, LLC failed to participate in a timely good-faith interactive process to determine whether a reasonable accommodation could be made;

7.     That Plaintiff was harmed;

8.     That Defendant Chipotle Services, LLC's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

*See:* CACI 2546.

C.    <u>Evidence In Opposition To Plaintiff's Pleaded Claims</u>

<u>*Evidence In Opposition To Plaintiff's Claim 1: Discrimination based on Plaintiff being Disabled by Pregnancy in Violation of the FEHA:*</u>

Defendant Chipotle Mexican Grill, Inc. never employed Plaintiff.

Plaintiff was not disabled at the time she requested additional leave under the PDL.

Plaintiff was not disabled at the time of her termination of employment.

Plaintiff was not subjected to any allegedly discriminatory conduct. The decision to terminate Plaintiff was based on a legitimate, good faith business decision that had nothing to do with her alleged pregnancy disability.

Plaintiff was provided 12 weeks of FMLA leave and failed to return to work following expiration of her leave.

Defendants reasonably believed Plaintiff did not intend to return to work following the expiration of her leave.

- 4 -

1  As of the expiration of her approved leave and her termination, Plaintiff was not
2  entitled to any additional leave.

3  There is no evidence that Plaintiff was harmed by any conduct of Defendants.

4  *Evidence In Opposition To Plaintiff's Claim 2:  Wrongful Termination in Violation of*
5  *Public Policy:*

6  Defendant Chipotle Mexican Grill, Inc. never employed Plaintiff.

7  Plaintiff was not disabled at the time she requested additional leave under the
8  PDL.

9  Plaintiff was not disabled at the time of her termination of employment.

10  Plaintiff was not subjected to any allegedly discriminatory conduct. The decision
11  to terminate Plaintiff was based on a reasonable, legitimate, good faith business decision
12  that had nothing to do with her alleged pregnancy disability.

13  Plaintiff was provided 12 weeks of FMLA leave and failed to return to work
14  following expiration of her leave.

15  Defendants reasonably believed Plaintiff did not intend to return to work
16  following the expiration of her leave.

17  As of the expiration of her approved leave and her termination, Plaintiff was not
18  entitled to any additional leave.

19  There is no evidence that Plaintiff was harmed by any conduct of Defendants.

20  *Evidence In Opposition To Plaintiff's Claim 3: Defendants Failed to provide Plaintiff a*
21  *Reasonable Accommodation:*

22  Defendant Chipotle Mexican Grill, Inc. never employed Plaintiff.

23  Plaintiff was not disabled at the time she requested additional leave under the
24  PDL.

25  Plaintiff was not disabled at the time of her termination of employment.

26  Defendants were not aware that Plaintiff was disabled based on pregnancy or that
27  she otherwise required an accommodation.

28

- 5 -

1  |  Plaintiff was provided 12 weeks of FMLA leave and failed to return to work
2  following expiration of her leave.

3  |  Defendants reasonably believed Plaintiff did not intend to return to work
4  following the expiration of her leave.

5  |  As of the expiration of her approved leave and her termination, Plaintiff was not
6  entitled to any additional leave.

7  |  Plaintiff did not request a reasonable accommodation.

8  |  There is no evidence that Plaintiff was harmed by any conduct of Defendants.

9  *Evidence In Opposition To Plaintiff's Claim 4: Defendants Failed to Prevent*
10 *Discrimination:*

11 |  Defendant Chipotle Mexican Grill, Inc. never employed Plaintiff.

12 |  Plaintiff was not disabled at the time she requested additional leave under the
13 PDL.

14 |  Plaintiff was not disabled at the time of her termination of employment.

15 |  Plaintiff was not subjected to any allegedly discriminatory conduct and was not
16 discriminated against. The decision to terminate Plaintiff was based on a reasonable,
17 legitimate, good faith business decision that had nothing to do with her alleged
18 pregnancy disability.

19 |  Plaintiff was provided 12 weeks of FMLA leave and failed to return to work
20 following expiration of her leave.

21 |  Defendants reasonably believed Plaintiff did not intend to return to work
22 following the expiration of her leave.

23 |  As of the expiration of her approved leave and her termination, Plaintiff was not
24 entitled to any additional leave.

25 |  Defendants created, published, and enforced robust policies to prevent
26 discrimination.

27 |  There is no evidence that Plaintiff was harmed by any conduct of Defendants.

28

1   *Evidence In Opposition To Plaintiff's Claim 5: Defendants Failed to Engage in an*
2   *Interactive Process:*

3           Defendant Chipotle Mexican Grill, Inc. never employed Plaintiff.

4           Plaintiff was not disabled at the time she requested additional leave under the
5   PDL.

6           Plaintiff was not disabled at the time of her termination of employment.

7           Plaintiff was not subjected to any allegedly discriminatory conduct and was not
8   discriminated against. The decision to terminate Plaintiff was based on a reasonable,
9   legitimate, good faith business decision that had nothing to do with her alleged
10  pregnancy disability.

11          Plaintiff was provided 12 weeks of FMLA leave and failed to return to work
12  following expiration of her leave.

13          Plaintiff did not participate in good faith in an interaction to determine whether
14  she was entitled to an accommodation.

15          Defendants were not aware that Plaintiff was disabled based on pregnancy or that
16  she otherwise required an accommodation.

17          Defendants reasonably believed Plaintiff did not intend to return to work
18  following the expiration of her leave.

19          As of the expiration of her approved leave and her termination, Plaintiff was not
20  entitled to any additional leave.

21          There is no evidence that Plaintiff was harmed by any conduct of Defendants.

22

23  D.      Defendants' Affirmative Defenses

24          Defendants asserted as affirmative defenses a number of defenses as to which it
25  does not actually bear the burden of proof.  Specifically, Defendants continue to assert,
26  and do not abandon, each of the following defenses:  First Affirmative Defense – Failure
27  to State Facts Sufficient to Constitute a Cause of Action; Second Affirmative Defense –
28  Lack of Proximate Cause; Third Affirmative Defense – Lack of Knowledge; Fourth

- 7 -

1  Affirmative Defense – Good Faith Belief; Fifth Affirmative Defense – Good Faith

2  Performance of Obligations; Sixth Affirmative Defense – Justification and Privilege;

3  Seventh Affirmative Defense – Compliance with Statutes, Regulations and Industry

4  Standards; Eighth Affirmative Defense – Intervening and/or Superseding Causes; Ninth

5  Affirmative Defense – No Vicarious Liability; Twenty-Third Affirmative Defense –

6  Inability to Perform Essential Job Duties; Twenty-Fourth Affirmative Defense – Health

7  or Safety Risk; Twenty-Eighth Affirmative Defense – Lack of Authorization and/or

8  Ratification; Thirtieth Affirmative Defense – Workers' Compensation as Exclusive

9  Remedy; Thirty-Second Affirmative Defense – Prevention and/or Correction of Alleged

10  Behavior; Thirty-Seventh Affirmative Defense - No Attorneys' Fees; and Thirty-Eighth

11  Affirmative Defense – Entitlement to Attorneys' Fees.  However, Defendants deny that

12  they bear the burden of proof with respect to any of these defenses.

13

14       Defendants will pursue the following affirmative defenses wherein they maintain

15  the burden of proof:

16       1.  Failure to Mitigate Damages;

17       2.  Avoidable Consequences Doctrine;

18       3.  Same Conduct Regardless of Motivation (Mixed Motive);

19       4.  After-Acquired Evidence.

20  E.  Elements Of Defendants' Affirmative Defenses

21       *1.  Failure to Mitigate Damages:*

22       With respect to her alleged damages for personal injury, Plaintiff is not entitled to

23  recover damages for harm that Defendants prove Plaintiff could have avoided with

24  reasonable efforts or expenditures.

25       *See* CACI 3930.

26       With respect to her alleged damages for past lost earnings, Plaintiff is not entitled

27  to recover damages for economic losses that Defendants prove Plaintiff could have

28

1  avoided by securing comparable gainful employment as soon as it was reasonable for

2  her to do so.

3        *See* CACI 3961.

4        With respect to her alleged damages for future lost earnings, Plaintiff is not

5  entitled to recover damages for future economic losses that Defendants prove Plaintiff

6  will be able to avoid by returning to gainful employment as soon as it is reasonable for

7  her to do so.

8        *See* CACI 3962.

9        *2.   Avoidable Consequences Doctrine:*

10        If Plaintiff proves that Defendants discriminated against her, Defendants are not

11  responsible for some or all of the harm Plaintiff sustained if 1) Defendants took

12  reasonable steps to prevent and correct workplace discrimination; 2) Plaintiff

13  unreasonably failed to use the preventative and corrective measures for discrimination

14  that Defendants provided; and 3) the reasonable use of Defendant's procedures would

15  have prevented some of all of Plaintiff's harm.

16        *See* CACI 2526.

17        *3.   Same Conduct Regardless of Motivation (Mixed Motive):*

18        If Plaintiff establishes that discrimination was a substantial motivating reason for

19  her termination, Plaintiff will not be entitled to reinstatement, back pay, or damages if

20  Defendants establish that they would have terminated Plaintiff at that time for a

21  legitimate reason.

22        *See* CACI 2512.

23        *4.   After-Acquired Evidence:*

24        1.    On at least three occasions in December , 2016 prior to her termination of

25              employment Plaintiff secretly and unlawfully recorded telephone calls

26              between Plaintiff and her immediate supervisor, Scotty Shadix, a Chipotle

27              Services, LLC employee, without his consent;

28

- 9 -

2.   Plaintiff's misconduct was sufficiently severe that Defendant Chipotle Services, LLC would have terminated her employment because of that misconduct alone had Chipotle Services, LLC known of it; and

3.   Defendant Chipotle Services, LLC would have terminated Plaintiff for her misconduct as a matter of settled company policy.

*See* CACI 2506.

F.   <u>Evidence In Support Of Defendants' Affirmative Defenses</u>

   <u>*Evidence in Support of Failure to Mitigate Damages:*</u>

To the extent Plaintiff alleges economic damages on account of her termination of employment by Defendant Chipotle Services, LLC, Plaintiff failed to mitigate her damages because she has failed to secure other additional employment.  To the extent that Plaintiff may have earned, or may be earning, less money after Defendant Chipotle Services, LLC terminated her, Plaintiff has not made reasonable efforts to secure other, higher-paying employment.

Among other things, Plaintiff has never re-applied for work with Defendant Chipotle Services, LLC, despite Chipotle Services, LLC advising her to do so after she was advised that her employment was going to terminate for her refusal to return to work following the expiration of her leave in December, 2016, as well as her decision to change career paths and pursue a career in cosmetology.

Plaintiff did not immediately seek alternate, comparable part-time work or make a reasonable effort to secure comparable employment after Defendant Chipotle Services, LLC terminated her.

To the extent Plaintiff alleges emotional distress damages, Plaintiff failed to mitigate her damages by failing promptly to report any of the allegedly harassing, discriminatory, or retaliatory conduct and to seek treatment for her alleged emotional distress following her termination.

   *Evidence in Support of Avoidable Consequences Doctrine:*

- 10 -

1       Defendants created, published, and enforced robust policies to prevent

2 discrimination.  Plaintiff was aware of these policies and completed training on these

3 policies as a manager with Chipotle. Despite her allegations that she was discriminated

4 against, at no time did Plaintiff follow those policies by properly reporting her

5 discrimination complaints to the proper channels or otherwise taking any steps to

6 prevent the harm she claims to have sustained.

7       *Evidence in Support of Same Conduct Regardless of Motivation (Mixed Motive)*:

8       Plaintiff was not disabled at the time she requested additional leave under the

9 PDL, nor was she disabled at the time of her termination of employment. Defendants

10 were unaware that Plaintiff was seeking medical treatment for depression.  Rather,

11 Defendant Chipotle Services, LLC was of the belief that Plaintiff had taken leave from

12 work to attend her wedding or for other personal reasons in Mexico as she failed to

13 remain in contact with her supervisor every week as she was required to do while on

14 leave. Thus Chipotle Services, LLC believed Plaintiff did not intend to return to work

15 following the expiration of her leave.

16       When Plaintiff requested to extend her leave time upon her return from Mexico

17 and after learning from Chipotle's Employee Service Center that her leave was going to

18 expire, she advised her supervisor that she had work restrictions from a physician as well

19 as needed a full duty release from her doctor before she could return to work.  When

20 asked to produce this medical documentation, however, Plaintiff had no such work

21 restrictions, yet claimed she needed a release to full duty before she would return to

22 work.  Plaintiff was advised that because her leave had expired and because there were

23 no medical restrictions supporting her need for additional leave, her employment would

24 be terminated but when she was ready to return to work she need only apply.

25       *Evidence in Support of After-Acquired Evidence*:

26       After Plaintiff learned her leave was about to expire and before her termination

27 date, Plaintiff secretly and unlawfully recorded three telephone calls with her supervisor,

28 Scotty Shadix, when he was on his cell phone, without his consent. Although Defendants

1  were not aware of the unlawful recording at the time, Defendant Chipotle Services, LLC

2  would have terminated the Plaintiff because of those unlawful recording alone had

3  Defendant Chipotle Services, LLC known of it.

4  G.     Third Parties

5         Not applicable.

6  H.     Evidentiary Issues

7         Defendants have filed motions *in limine* to preclude the following: 1) Alleged

8  Discovery Violations or Sanctions Assessed Against Defense Counsel; 2) Evidence and

9  Argument Pertaining to Scotty Shadix' Drug Use; 3) Evidence and Argument of

10  Unrelated Allegations or Pregnancy Discrimination; 4) Undisclosed Witness,

11  Christopher Keene; 5) Evidence and Argument that Defendant Perceived Plaintiff as

12  Disabled; and 6) Untimely Disclosed Documents including the Linked In profile for

13  Esther Smiley and the SEC filings for Chipotle Mexican Grill from 2008 through 2017.

14  I.     Issues Of Law

15        Defendants anticipate moving for judgment as a matter of law pursuant to Federal

16  Rule of Civil Procedure 50 with respect to the merits of each of Plaintiff's claims.

## II.  BIFURCATION OF ISSUES

18        Defendants do not anticipate moving to bifurcate issues.

## III.  JURY TRIAL

20        Plaintiff has demanded a jury trial.

## IV.  ATTORNEYS' FEES

22        California Government Code section 12965(b) provides that, "[i]n civil actions

23  brought under this section, the court, in its discretion, may award to the prevailing party

24  … reasonable attorney's fees and costs…."  Plaintiff's claims are brought under Section

25  12965(b).

26        Plaintiff and Defendants have demanded recovery of their respective attorneys'

27  fees.  Defendants are, or will be, entitled to recovery of their attorneys' fees, and

28

- 12 -

1 Plaintiff is not, and will not be, entitled to recovery of her attorneys' fees, because

2 Plaintiff is not entitled to prevail on any of her FEHA claims.

3      Even if Plaintiff does prevail on any of her FEHA claims, the Court should

4 exercise its discretion to deny Plaintiff recovery of her attorneys' fees.

5 ## V. <u>ABANDONMENT OF ISSUES</u>

6      Defendants abandon the following affirmative defenses because they are

7 inapplicable based both on the factual issues and/or the Court's Summary Judgment

8 Ruling:  Tenth Affirmative Defense – Failure to Exhaust Internal Complaint Resolution

9 Procedure; Eleventh Affirmative Defense – Failure to Exhaust Administrative

10 Remedies; Twelfth Affirmative Defense – Primary Jurisdiction Doctrine; Thirteenth

11 Affirmative Defense – Setoff/Offset/Recoupment; Fourteenth Affirmative Defense –

12 Unclean Hands; Fifteenth Affirmative Defense – Estoppel; Sixteenth Affirmative

13 Defense – Waiver; Seventeenth Affirmative Defense – Consent; Eighteenth Affirmative

14 Defense – Release; Nineteenth Affirmative Defense – Payment; Twentieth Affirmative

15 Defense – No Losses / Unjust Enrichment; Twenty-First Affirmative Defense – Bona

16 Fine Occupational Qualification; Twenty-Second Affirmative Defense – Business

17 Necessity / Job Relatedness; Twenty-Fifth Affirmative Defense – Laches; Twenty-Sixth

18 Affirmative Defense – Statute of Limitations; Thirty-Fourth Affirmative Defense – No

19 Entitlement to Punitive Damages; Thirty-Fifth Affirmative Defense – Civil Penalties

20 Unconstitutional – Due Process; Thirty-Sixth Affirmative Defense – Civil Penalties

21 Unconstitutional – Excessive Fines; and Thirty-Ninth Affirmative Defense – Lack of

22 Particularity.

23

24 Dated:  January 17, 2019      MESSNER REEVES LLP

25

26      By: _____

27           Charles C. Cavanagh

28           Kathleen J. Mowry
                Attorneys for Defendants

- 13 -